1
**GUTRIDE SAFIER LLP**
SETH A. SAFIER (State Bar No. 197427)
2
MARIE A. MCCRARY (State Bar No. 262670)
ANTHONY PATEK (State Bar No. 228964)
3
100 Pine Street, Suite 1250
San Francisco, CA 94111
4
Telephone: (415) 336-6545
Facsimile:  (415) 449-6469
5

6
Attorneys for Plaintiffs

7
UNITED STATES DISTRICT COURT FOR THE

8
NORTHERN DISTRICT OF CALIFORNIA

9
SAN JOSE
10

11
DON CULLEN and ELLEN ROSS, as individu-
als, on behalf of themselves, the general public
12
and those similarly situated,

13
    Plaintiffs,

14
        v.

15

16

17
SHUTTERFLY LIFETOUCH, LLC; and
SHUTTERFLY, LLC,
18
    Defendants.

19

20

21

22

23

24

25

26

27

28

CASE NO.

CLASS ACTION COMPLAINT FOR
VIOLATION OF THE CALIFORNIA
CONSUMERS LEGAL REMEDIES ACT;
FALSE ADVERTISING; FRAUD, DE-
CEIT, AND/OR MISREPRESENTATION;
UNLAWFUL TRADE PRACTICES; UN-
JUST ENRICHMENT; VIOLATION OF
CAL. CIVIL CODE § 1584.5; and VIO-
LATION OF POSTAL REORGANIZA-
TION ACT OF 1970

JURY TRIAL DEMANDED

-1-

**INTRODUCTION**

1.      Plaintiffs Don Cullen and Ellen Ross, by and through their counsel, brings this class action against Defendants Shutterfly Lifetouch, LLC and Shutterfly, LLC to seek redress for Defendants' deceptive practices relating to their unlawful attempts to collect payment for or the return of unsolicited goods.

2.      As a part of their "Family Approval Program," Defendants engage in a practice of taking unsolicited photographs of school children and sending home copies of the photographs with an "option" to purchase.

3.      Parents of school children are directed to review the photographs and pay for the photographs that they want or return the unwanted photographs to presumably be destroyed.

4.      Defendants send these unsolicited picture packages to Plaintiffs and Class Members and consistently requested payment in kind.

5.      Such actions are a violation of California laws regarding sending unsolicited merchandise, the Consumer Legal Remedies Act, the Unfair Competition Law, false advertising, and common law. These actions also violate federal law, specifically the Postal Reorganization Act of 1970.

6.      Plaintiffs bring this action on behalf of themselves, a class of similarly situated individuals, and the general public.

7.      Plaintiffs seek an order against Defendants awarding injunctive relief and requiring Defendants to, among other things: (1) to discontinue the unlawful, unfair, false, deceptive and/or misleading marketing and advertising practices, as discussed herein; (2) require Defendants to offer refunds to any Class member who purchased an unsolicited photo package; and (3) pay damages and restitution to Plaintiffs and Class members.

## **PARTIES**

8.     Plaintiff Don Cullen is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Austin, Texas.

9.     Plaintiff Ellen Ross is, and at all times alleged in this Class Action Complaint was, an individual and a resident of Modesto, California.

10.     Defendant Shutterfly Lifetouch LLC. ("Lifetouch") is a Minnesota limited liability company headquartered in Eden Prairie, Minnesota. Lifetouch maintains its principal place of business at 11000 Viking Drive, Suite 400, Eden Prairie, MN 55344. Lifetouch, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the United States and State of California.

11.     Defendant Shutterfly, LLC (f/k/a Shutterfly Inc.) ("Shutterfly") is a Delaware limited liability company headquartered in Redwood City, California. Shutterfly maintains its principal place of business at 2800 Bridge Parkway, Redwood City, CA 94065.

12.     In 2018, Shutterfly acquired Lifetouch.

13.     The Parties identified in paragraphs 10-11 of this Class Action Complaint are collectively referred to hereafter as "Defendants."

14.     At all times herein mentioned, each of the Defendants was the agent, servant, representative, officer, director, partner or employee of the other Defendants and, in doing the things herein alleged, was acting within the scope and course of his/her/its authority as such agent, servant, representative, officer, director, partner or employee, and with the permission and consent of each Defendant.

15.     At all times herein mentioned, each of the Defendants was a member of, and engaged in, a joint venture, partnership and common enterprise, and acted within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

16.     At all times herein mentioned, the acts and omissions of each of the Defendants concurred and contributed to the various acts and omissions of each and all of the other Defendants in proximately causing the injuries and damages as herein alleged.

17.     At all times herein mentioned, each of the Defendants ratified each and every act

or omission complained of herein.

18.     At all times herein mentioned, each of the Defendants aided and abetted the acts and omissions of each and all of the other Defendants in proximately causing the damages, and other injuries, as herein alleged.

**JURISDICTION, VENUE, APPLICABLE LAW**

19.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. Section 1332(d)(2)(A) because: (i) there are 100 or more class members, and (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs.

20.     This Court has supplemental jurisdiction over any state law claims pursuant to 28 U.S.C. Section 1367.

21.     The injuries, damages, and/or harm upon which this action is based occurred or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State of California. Defendants regularly conduct and/or solicit business in, engage in other persistent courses of conduct in, and/or derive substantial revenue from services provided to persons in the State of California. Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California. Defendants' wrongful acts and omissions occurred in California and were carried out and/or directed from Defendant Shutterfly's California headquarters by California personnel over California technological infrastructure.

22.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the state of California, including within this District.

23.     In their Terms of Service Agreement (the "Terms"), Defendants provide: "You agree to submit to the exclusive jurisdiction of any State or Federal court located in the County of Santa Clara, California, United States of America, and waive any jurisdictional, venue or inconvenient forum objections to such courts."

24.     Defendants' Terms further provide that the Terms "constitute binding and enforceable obligations."

25.     The Terms also state: "These Terms are governed by and construed in accordance with the laws of the State of California, United States of America, without regards to its conflict of law provisions, and except to the extent preempted by or inconsistent with federal law."

26.     In accordance with California Civil Code Section 1780(d), Plaintiff Ross concurrently files herewith declarations establishing that they received the unsolicited Family Approval packages requesting payment or the return of the photos. (Plaintiff's declaration is attached hereto as Exhibit A.)

27.     Plaintiffs accordingly allege that jurisdiction and venue are proper in this Court.

**<u>SUBSTANTIVE ALLEGATIONS</u>**

28.     Lifetouch is a professional photography company that has been taking and selling school photographs for over 80 years.

29.     Shutterfly acquired Lifetouch in 2018.

30.     Defendants provide school picture services twice per year, in the fall and in the spring.

31.     In the fall, parents select any desired photo packages before the photos are taken. Additionally, parents have the option of notifying their child's teacher if they do not wish to have an individual portrait taken of their child.

32.     The spring package is called the "Family Approval Program."

33.     As part of the Family Approval Program, Defendants take unsolicited photographs of school children and send home copies of the photographs soliciting payment.

34.     Parents are instructed to review the photographs and pay for any photos they choose to keep or return the photos to the school to presumably be destroyed within days. A sample of Defendants' explanation of the process is below:





(https://preschoolportraits.lifetouch.com/cmsimages/2/Checklist/72184_Sell Sheet_Family Approval.pdf)

35.     Parents are not provided with an option to request that their child's picture not be taken or to opt-out of receiving the photos.

36.     In many cases, parents are blind-sided by receiving the photos and feel pressure to pay for these unsolicited photographs or return them to the school to an unknown fate.

37.     Despite the unsolicited nature of the photographs, Defendants maintain that any photographs that are not returned must be paid for and send parents reminders for payment. This is despite the fact that Defendants know this to be unlawful.

38.     For example, they have warned investors that such practices may open the company to liability. In its Form 10-Q for Q1 2019, Shutterfly warned investors:

> In some markets, Lifetouch offers spring portraits under a "Family Approval" model whereby portrait products are distributed by the school to parents for review. Parents are asked to pay for the products they elect to keep (if any) and to return any products they do not wish to purchase to the school. Lifetouch has been and, in the future, may be subject to claims from individuals that these products qualify as "gifts" and/or that the program does not comply with legislation pertaining to "unsolicited goods." While we do not believe that such legislation is applicable to school photography, if Lifetouch becomes subject to such claims and is required or elect to curtail the use of the Family Approval model, its business and revenue may be negatively impacted. . . . [W]e have been and, in the future, may be subject to claims from individuals or governmental regulators that our offers are misleading or do not comply with applicable legislation.

(Shutterfly, Inc., Quarterly Report (Form 10-Q), at 68 (May 6, 2019), *available at* http://ir.shutterfly.com/node/19841/html.)

39.     For the reasons explained below, the purported right of Defendants to request payment for or return of the unsolicited photos is invalid and unenforceable under, inter alia, California law. All unsolicited photo packages subsequently shipped to consumers are considered a "free gift," without any obligation to return them or pay for them.

**PLAINTIFFS' EXPERIENCES**

40.     During all relevant times, Plaintiff Cullen had a child in elementary school in Austin, Texas.

41.     Beginning in approximately April 2017, Defendants sent unsolicited photographs of Plaintiff Cullen's child to his home via his child.

42.     At no time did Plaintiff Cullen authorize Defendants to take his child's photograph, nor did he request copies of the photographs they took.

43.     Plaintiff Cullen would not have returned any of the unsolicited photo packages had Defendants not misrepresented his obligation to pay for or return the photos of his child.

44.     During all relevant times, Plaintiff Ross had four children who attended school in Modesto, California.

45.     Beginning in approximately the spring of 2001, Defendants sent unsolicited photographs of Plaintiff Ross' children to her home via her children.

46.     At no time did Plaintiff Ross authorize Defendants to take her children's photographs, nor did she request copies of the photographs they took.

47.     Plaintiff Ross consistently purchased the Family Approval Program packages for all of her children from 2001 until approximately 2019.

48.     Plaintiff Ross would not have paid for any of the unsolicited photo packages had Defendants not misrepresented her obligation to pay for or return the photos of her children.

## CLASS ALLEGATIONS

49.     Plaintiffs bring this class action lawsuit on behalf of the following proposed class and subclass of similarly situated persons, pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, defined as follows:

> The Class: All natural persons within the United States who, between August 25, 2016 and the date of preliminary approval, received unsolicited Family Approval Program photo packages from Defendants.
>
> The Purchaser Subclass: All Class Members who purchased any Family Approval Program photo packages from Defendants.
>
> The California Subclass:[1] All Class Members who reside in the State of California.
>
> The California Purchaser Sub-Subclass:[2] All Purchaser Subclass Members who reside in the State of California.

50.     This action has been brought and may properly be maintained as a class action against Defendants because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

51.     Numerosity:  Plaintiffs do not know the exact size of the Class, but they estimate it

---

[1] Plaintiff Cullen alternatively pleads a Texas Subclass: All Class Members who reside in the State of Texas.

[2] Plaintiff Cullen alternatively pleads a Texas Purchaser Sub-Subclass: All Purchaser Subclass Members who reside in the State of Texas.

is composed of tens of thousands of Class Members. The persons in the Class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims in a class action rather than in individual actions will benefit the parties and the courts.

52.     Common Questions Predominate:  This action involves questions of law and fact common to the potential class members because each class member's claim derives from the same deceptive, unlawful and/or unfair statements and omissions. The common questions of law and fact predominate over individual questions, as proof of a common or single set of facts will establish the right of each member of the Class to recover.  The questions of law and fact common to the Class include, but are not limited to, the following:

a.   Whether Defendants taking and sending of unsolicited picture packages violated state and federal law;

b.   Whether Defendants' collection of payments for unsolicited gifts constitutes unjust enrichment;

c.   Whether Defendants' conduct violates the CLRA;

d.   Whether Defendants made untrue or misleading statements within the meaning of California Business and Professions Code § 17500, *et seq.*

e.   Whether Defendants unfairly, unlawfully and/or deceptively misrepresented that payment for or the return of the unsolicited photo packages was obligatory;

f.   Whether Defendants' conduct is unlawful, unfair, or fraudulent in violation of the Unfair Competition Law, California Business and Professions Code §17200, *et seq.*;

g.   The amount of profits and revenues earned by Defendants as a result of the misconduct;

h.   Whether class members and/or the general public are entitled to restitution, injunctive and other equitable relief and, if so, what is the nature (and amount) of such relief; and

i.   Whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so,

what is the nature of such relief.

53.     Typicality:  Plaintiffs' claims are typical of the claims of other members of the Class because, among other things, all such claims arise out of the same wrongful course of conduct by Defendants, as described herein. Further, Defendants' wrongful conduct caused the damages of each member of the Class. Plaintiffs and the Classes have suffered injury in fact as a result of Defendants' false representations. Plaintiffs and the Classes each received unsolicited photo packages from Defendants in violation of the law.

54.     Adequacy of Representation:  Plaintiffs will fairly and adequately protect the interests of all class members because it is in their best interests to prosecute the claims alleged herein to obtain full compensation due to them for the unfair and illegal conduct of which they complain. Plaintiffs also have no interests that are in conflict with, or antagonistic to, the interests of class members. Plaintiffs have retained highly competent and experienced class action attorneys to represent their interests and that of the classes. By prevailing on their own claims, Plaintiffs will establish Defendants' liability to all class members. Plaintiffs and their counsel have the necessary financial resources to adequately and vigorously litigate this class action, and Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for class members.

55.     Superiority:  There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecution of individual remedies by members of the classes will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damages suffered by each individual member of the class may be relatively small, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them, while an

1    important public interest will be served by addressing the matter as a class action.

2         56.    California Law Applies to the Entire Class. California's substantive laws apply to

3    every member of the Class, regardless of where in the United States the Class member resides.

4    Defendants' Terms of Service provide that "These Terms are governed by and construed in

5    accordance with the laws of the State of California, United States of America, without regards to

6    its conflict of law provisions, and except to the extent preempted by or inconsistent with federal

7    law." They further state that the parties "agree to submit to the exclusive jurisdiction of any State

8    or Federal court located in the County of Santa Clara, California, United States of America, and

9    waive any jurisdictional, venue or inconvenient forum objections to such courts." By choosing

10   California law for the resolution of disputes covered by its Terms of Service, Defendants concede

11   that it is appropriate for this Court to apply California law to the instant dispute. Further,

12   California's substantive laws may be constitutionally applied to the claims of Plaintiffs and the

13   Class under the Due Process Clause, see U.S. CONST. amend. XIV, § 1, and the Full Faith and

14   Credit Clause, see U.S. CONST. art. IV, § 1, of the U.S. Constitution. California has significant

15   contact, or significant aggregation of contacts, to the claims asserted by the Plaintiffs and all

16   Class members, thereby creating state interests that ensure that the choice of California state law

17   is not arbitrary or unfair. Defendants' decision to avail itself of California's laws, and to engage

18   in the challenged conduct from and emanating out of California, renders the application of

19   California law to the claims herein constitutionally permissible. The application of California

20   laws to the Class is also appropriate under California's choice of law rules because California has

21   significant contacts to the claims of Plaintiffs and the proposed Class, and California has a

22   greatest interest in applying its laws here.[3]

23

24   [3] In the alternative, Plaintiff Cullen is citizen of Texas. Accordingly, Texas Business and Commerce Code sections 602.002 and 602.003 are applicable to him and members of the Texas Sub-
25   classes. Plaintiff Cullen according provides the following notice:

26        Texas's Business and Commerce Code § 602.002 provides that "Unless otherwise agreed,
27   a person to whom unsolicited goods are delivered: is entitled to refuse to accept delivery of the goods; and is not required to return the goods to the sender." Texas's Business and Commerce
28   Code § 602.003 further provides" "(a) Unsolicited goods that are addressed to or intended for the

57.     Plaintiffs are unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

## CAUSES OF ACTION

### PLAINTIFFS' FIRST CAUSE OF ACTION
**(Unjust Enrichment)**
**On Behalf of Plaintiff Ross, the Class, and the Subclasses**

58.     Plaintiff Ross realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

59.     Plaintiff Ross and members of the Class conferred benefits on Defendants by paying for unsolicited photo packages.

60.     Defendants have knowledge of such benefits. Defendants have been unjustly enriched in retaining the revenues derived from Plaintiff and Class members' photo package sales. Retention of those moneys under these circumstances is unjust and inequitable because Defendants are retaining their customers' photo package fees, despite having no authority to request fees for unsolicited goods. These misrepresentations and charges caused injuries to Plaintiff and members of the Class because they would not have paid Defendants' photo package fees had the true facts been known.

61.     Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Class is unjust and inequitable, Defendants must pay restitution to

recipient are considered a gift to the recipient. (b) The recipient may use or dispose of goods described by Subsection (a) in any manner without obligation to the sender."

As set forth herein, Defendants have engaged in a long-standing pattern of behavior of sending unsolicited photo packages to parents and imposing some further obligation on the recipients, such as payment for or the return of the photos. In addition, Defendants continued to send subsequent, unlawful requests for payment of the unsolicited goods. Defendants' actions constituted a violation of Texas law including, without limitation, Texas's Business and Commerce Code §§ 602.002 and 602.003. Defendants' violation of Texas's Business and Commerce Code §§ 602.002 and 602.003 constitute an unfair trade practice under Texas Deceptive Trade Practices-Consumer Protection Act §§ 17.46(b)(2), (3), (5), (7), (8), (9), (12), and (24).

Defendants are hereby provided with 60 days notice. Should Defendants fail to adequately respond, Plaintiff Cullen reserves the right to amend this Complaint to seek damages, on behalf of himself and those similarly situated, under the Texas Deceptive Trade Practices-Consumer Protection Act.

Plaintiff and members of the Class for their unjust enrichment.

**PLAINTIFFS' SECOND CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act (the "CLRA"), California Civil Code § 1750, *et seq.*)**
**On Behalf of Plaintiff Ross, the Class and the Subclasses**

62.     Plaintiff Ross realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

63.     Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale of services to consumers.

64.     Plaintiff Ross and other class members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

65.     The Family Approval Program photo packages that Plaintiff and Subclass Members purchased from Defendants are a "good" and/or "service" within the meaning of Cal. Civ. Code § 1761(a), (b).

66.     The practices described herein, specifically Defendant's acts and practices described herein were intended to result in the sale of photo packages to the consuming public and have violated, and continue to violate, § 1770(a)(14) and § 1770(a)(19) of the CLRA. In violation of Cal. Civ. Code § 1770(a)(14), Defendants represented that a transaction involved rights, remedies, and/or obligations, which it does not have or involve, or that are prohibited by law. In violation of Cal. Civ. Code § 1770(a)(19), Defendants inserted an unconscionable provision into a contract.

67.     Plaintiff seeks, on behalf of herself, the Subclass Members, and the general public an injunction to (i) enjoin Defendants from continuing to employ the unlawful methods, acts and practices alleged herein pursuant to California Civil Code § 1780(a)(2) and (ii) mandate that Defendants, without limitation, inform consumers of their rights under Cal. Civil Code § 1584.5, which classifies unsolicited merchandise as an unconditional gift to the recipient who may use or dispose of the merchandise in any manner without any obligation to the sender. If the injunction is not entered and Defendant is not restrained from engaging in these types of practices in the

-12-

future, Plaintiff, the Subclass Members, and the general public will continue to suffer harm.

68.    **CIVIL CODE § 1782 NOTICE**. Plaintiff notices and demands that within thirty (30) days from that date of the filing of this Complaint that Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false and or deceptive practices complained of herein.

69.    Should the violations herein alleged not be corrected, repaired, replace or rectified as required by Civil Code § 1782 within 30 days with respect to all Subclass Members, Plaintiff will seek to amend this Class Action Complaint to seek, on behalf of each Subclass Member, actual damages of at least $1000, punitive damages, an award of $5000 for each Subclass Member who is a disabled person or senior citizen, and restitution of any ill-gotten gains due to Defendants' acts and practices.

70.    Plaintiff also requests that this Court award her costs and reasonable attorneys' fees pursuant to California Civil Code § 1780(d).

**PLAINTIFFS' THIRD CAUSE OF ACTION**
**(False Advertising, Business and Professions Code § 17500, *et seq.* ("FAL"))**
**On Behalf of Plaintiffs, the Class and the Subclasses**

71.    Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

72.    Beginning at an exact date unknown to Plaintiffs, but within three (3) years preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive and/or misleading statements in connection with the advertising, marketing, and sale of school photo packages.

73.    Defendants made representations and statements (by omission and commission) that led reasonable customers to believe that they were required to purchase or return unsolicited photo packages of their children.

74.    Plaintiffs and the Class Members relied to their detriment on Defendants' false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth above. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, refusing to return or pay for the unsolicited photo packages.

75.     Defendants' acts and omissions are likely to deceive the general public.

76.     Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits. Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code.

77.     The aforementioned practices, which Defendants used, and continue to use, to their significant financial gain, also constitutes unlawful competition and provides an unlawful advantage over Defendants' competitors as well as injury to the general public.

78.     As a direct and proximate result of such actions, Plaintiffs and the Class Members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiffs and Class Members lost money or property as a result of Defendants' UCL violations because: (a) they would not have purchased or paid for Defendants' photo packages absent Defendants' representations and omissions that such amounts were due for any photos not returned to Defendants; (b) they would not have purchased photo packages on the same terms absent Defendants' representations and omissions; (c) they paid a price premium for Defendants' photo packages based on Defendants' misrepresentations and omissions; and/or (d) Defendants' photo packages did not have the characteristics, benefits, or quantities as promised.

79.     Plaintiffs seek, on behalf of themselves and the Class Members, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiffs, the general public, or those similarly situated by means of the false, misleading and deceptive advertising and marketing practices complained of herein, plus interest thereon.

80.     Plaintiffs seek, on behalf of themselves, the Class Members, and the general public, a declaration that the above-described practices constitute false, misleading and deceptive advertising.

81.     Plaintiffs seek, on behalf of themselves, the Class Members, and the general

public, an injunction to (i) prohibit Defendants from continuing to engage in the false, misleading

and deceptive advertising and marketing practices complained of herein and (ii) mandate that

Defendants, without limitation, inform consumers of their rights under Cal. Civil Code § 1584.5,

which classifies unsolicited merchandise as an unconditional gift to the recipient who may use or

dispose of the merchandise in any manner without any obligation to the sender. Such misconduct

by Defendants, unless and until enjoined and restrained by order of this Court, will continue to

cause injury in fact to the general public and the loss of money and property in that Defendants

will continue to violate the laws of California, unless specifically ordered to comply with the

same. This expectation of future violations will require current and future consumers to

repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to

which it is not entitled. Plaintiffs, those similarly situated and the general public have no other

adequate remedy at law to ensure future compliance with the California Business and Professions

Code alleged to have been violated herein.

### PLAINTIFFS' FOURTH CAUSE OF ACTION
**(Common Law Fraud, Deceit and/or Misrepresentation)**
**On Behalf of All Plaintiffs, the Class and the Subclasses**

82.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action

Complaint as if set forth herein.

83.     Defendants have fraudulently and deceptively informed Plaintiffs and the Class

Members that they were required to pay for or return unsolicited school photo packages. Further,

Defendants failed to disclose that these unsolicited photos were, in fact, a gift under the law

requiring no action in response.

84.     These misrepresentations and omissions were known exclusively to, and actively

concealed by, Defendants, not reasonably known to Plaintiffs, and material at the time they were

made. Defendants' misrepresentations and omissions concerned material facts that were essential

to the analysis undertaken by Plaintiffs as to whether to purchase or return the school photos. In

misleading Plaintiffs and not so informing Plaintiffs, Defendants breached their duty to them.

Defendants also gained financially from, and as a result of, their breach.

85.     Plaintiffs and the Class Members relied to their detriment on Defendants'

misrepresentations and fraudulent omissions. Had Plaintiffs and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation: (i) declining to send payment for the unsolicited photographs, or (ii) declining to return the unsolicited photographs.

86.     By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiffs and those similarly situated to alter their position to their detriment.  Specifically, Defendants fraudulently and deceptively induced Plaintiffs and those similarly situated to, without limitation, purchase or return unsolicited photographs.

87.     Plaintiffs and those similarly situated justifiably and reasonably relied on Defendants' misrepresentations and omissions, and, accordingly, were damaged by Defendants.

88.     As a direct and proximate result of Defendants' misrepresentations and/or omissions, Plaintiffs and those similarly situated have suffered damages, including, without limitation, the amount they paid for the unsolicited photographs and any monies associated with returning the photos.

89.     Defendants' conduct as described herein was willful and malicious and was designed to maximize Defendants' profits even though Defendants knew that it would cause loss and harm to Plaintiffs and those similarly situated.

**PLAINTIFFS' FIFTH CAUSE OF ACTION**
**(Unlawful, unfair, and fraudulent trade practices violation of Business and Professions Code § 17200, *et seq.* ("UCL"))**
**On Behalf of Plaintiffs, the Class, and the Subclasses**

90.     Plaintiffs reallege and incorporate by reference the paragraphs of this Class Action Complaint as if set forth herein.

91.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendants have engaged, and continue to engage, in unlawful, unfair, and fraudulent trade practices in California by engaging in the unlawful, unfair, and fraudulent business practices outlined in this complaint.

92.     In particular, Defendants have engaged, and continue to engage, in unlawful practices by, without limitation (i) violating the CLRA as described herein; (ii) violating the FAL

as described herein; (iii) violating 39 U.S.C. § 3009, the Postal Reorganization Act, which prohibits the mailing of unordered merchandise; (iv) violating Cal. Civil Code § 1584.5, which classifies unsolicited merchandise as an unconditional gift to the recipient who may use or dispose of the merchandise in any manner without any obligation to the sender; and (v) unjust enrichment.

93.    In particular, Defendants have engaged, and continue to engage, in unfair and fraudulent practices by, without limitation, the following: (i) misrepresenting that payment was due for any unsolicited photos that were not returned; and (ii) failing to disclose that there was no affirmative obligation to return any of the unsolicited photos.

94.    Plaintiff and those similarly situated relied to their detriment on Defendants' unlawful, unfair, and fraudulent business practices. Had Plaintiffs and those similarly situated been adequately informed and not deceived by Defendants, they would have acted differently by, declining to purchase or return the unsolicited photos from Defendants.

95.    Defendants' acts and omissions are likely to deceive the general public.

96.    Defendants engaged in these deceptive and unlawful practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code.

97.    The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

98.    As a direct and proximate result of such actions, Plaintiffs and the other class members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. Among other things, Plaintiffs and the class members lost the amount they paid for the unsolicited photos.

99.    As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which

is in excess of the jurisdictional minimum of this Court.

100.    Plaintiffs seek, on behalf of themselves and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiffs, the general public, or those similarly situated by means of the deceptive and/or unlawful trade practices complained of herein, plus interest thereon.

101.    Plaintiffs seek, on behalf of those similarly situated, and the general public, a declaration that the above-described trade practices are fraudulent, unfair, and/or unlawful.

102.    Plaintiffs seek, on behalf of herself, those similarly situated, and the general public, an injunction to (i) prohibit Defendants from continuing to engage in the deceptive and/or unlawful trade practices complained of herein and (ii) mandate that Defendants, without limitation, inform consumers of their rights under Cal. Civil Code § 1584.5, which classifies unsolicited merchandise as an unconditional gift to the recipient who may use or dispose of the merchandise in any manner without any obligation to the sender. Such misconduct by Defendants, unless and until enjoined and restrained by order of this Court, will continue to cause injury in fact to the general public and the loss of money and property in that Defendants will continue to violate the laws of California, unless specifically ordered to comply with the same. This expectation of future violations will require current and future consumers to repeatedly and continuously seek legal redress in order to recover monies paid to Defendants to which they were not entitled. Plaintiffs, those similarly situated, and the general public, have no other adequate remedy at law to ensure future compliance with the California Business and Professions Code alleged to have been violated herein.

**PLAINTIFFS' SIXTH CAUSE OF ACTION**
**(Violation of California Civil Code § 1584.5 Regarding Unsolicited Goods)**
**On Behalf of Plaintiffs, the Class, and the Subclasses**

103.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

104.    California's Civil Code § 1584.5 provides that unsolicited goods are deemed unconditional gifts to the recipient who may use or dispose of the goods without further obligation to the sender. Further, any subsequent request for payment for the gift creates a private

right of action for the recipient to enjoin the conduct and seek attorney's fees and costs.

105.    Defendants have engaged in a long-standing pattern of behavior of sending unsolicited photo packages to parents and imposing some further obligation on the recipients, such as payment for or the return of the photos. In addition, Defendants continued to send subsequent, unlawful requests for payment of the unsolicited goods.

106.    Defendants' actions constituted a bare-faced violation of California law.

107.    Plaintiffs and those similarly situated have been damaged by Defendants' actions and are entitled to just compensation, injunctive relief, and attorney's fees and costs.

**PLAINTIFFS' SEVENTH CAUSE OF ACTION**
**(Violation of 39 U.S.C. § 3009 ("Postal Reorganization Act of 1970") Regarding Mailing of Unordered Merchandise)**
**On Behalf of All Plaintiffs, the Class, and the Subclasses**

108.    Plaintiffs reallege and incorporate the paragraphs of this Class Action Complaint as if set forth herein.

109.    The federal Postal Reorganization Act of 1970, 39 U.S.C. § 3009, declares the mailing of unordered merchandise constitutes an unfair method of competition and an unfair trade practice in violation of the Federal Trade Commission Act, 15 U.S.C.A. § 45(a)(1).

110.    Any merchandise mailed in violation of the Act may be treated as a gift by the recipient, who has the right to retain, use, discard, or dispose of it in any manner without any obligation whatsoever to the sender.

111.    Further, all such merchandise must have attached to it a clear and conspicuous statement informing the recipient that he or she may treat the merchandise as a gift and has the right to retain, use, discard, or dispose of it without any obligation whatsoever to the sender.

112.    In addition, and sender of such unsolicited merchandise shall not mail to any recipient a bill for said merchandise or any dunning communications.

113.    The legislative intent of this statute was to prevent the practice of shipping unordered merchandise to consumers and then tricking them into paying for it, which is precisely the business model that Defendants are engaged in.

114.    Defendants routinely send unsolicited photo packages to parents and request

payment for or the return of the photos. In addition, Defendants continued to send subsequent, unlawful requests for payment of the unsolicited goods.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, those similarly situated, and the general public, respectfully requests that the Court enter judgment against Defendants as follows:

A. Certification of the proposed Class and Subclass, including appointment of Plaintiffs' counsel as class counsel;

B. An order temporarily and permanently enjoining Defendants from continuing the unlawful, deceptive, fraudulent, and unfair business practices alleged in this Complaint, including, without limitation, informing consumers of their rights under Cal. Civil Code § 1584.5, which classifies unsolicited merchandise as an unconditional gift to the recipient who may use or dispose of the merchandise in any manner without any obligation to the sender;

C. An award of compensatory damages in an amount to be determined at trial on all causes of action except number two (CLRA) and number five (UCL), compensatory damages under the CLRA are held in reserve pending completion of the statutory notice period;

D. An award of statutory damages in an amount to be determined at trial on all causes of action except number two (CLRA) and number five (UCL), statutory damages under the CLRA are held in reserve pending completion of the statutory notice period;

E. An award of punitive damages in an amount to be determined at trial on all causes of action except number two (CLRA) and number five (UCL), punitive damages under the CLRA are held in reserve pending completion of the statutory notice period;

F. An award of restitution in an amount to be determined at trial;

G. An order requiring Defendants to pay both pre- and post-judgment interest on any amounts awarded;

H. For reasonable attorneys' fees and the costs of suit incurred; and

I. For such further relief as this Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiffs hereby demand a trial by jury.

Dated: August 27, 2020                    **GUTRIDE SAFIER LLP**

*/s Seth A. Safier/s/*
Seth A. Safier, Esq.
Marie McCrary, Esq.
Anthony Patek, Esq.
100 Pine Street, Suite 1250
San Francisco, CA 94111

# EXHIBIT A

I, Ellen Ross, declare:

1.      I am one of the Plaintiffs in this action.  If called upon to testify, I could and would competently testify to the matters contained herein based upon my personal knowledge.

2.      I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3.      I am a resident of Modesto, California. As set forth in my complaint, from the spring of 2001 until approximately 2019, I purchased unsolicited Family Approval Program packages from Defendants.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 26th day of August 2020, in Modesto, California.

DocuSigned by:

*Ellen Ross*

5C210AD7486B49D...

Ellen Ross

ROSS DECLARATION re CAL. CIV. CODE SECTION 1780(D) JURISDICTION